The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on August 29, 2018, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: August 29, 2018**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | ) Case No. 18-10514 |
| | ) Chapter 11 |
| WILSON LAND PROPERTIES, LLC | ) |
| | ) Judge Arthur I. Harris |
| Debtor | ) |
| | ) |

### AGREED ORDER GRANTING MOTION TO SELL REAL ESTATE
### (11520 MONARCH COURT)

The matter before the Court is the Motion of Wilson Land Properties, LLC Debtor in Possession ("Debtor") to Sell a Parcel of Real Property [Doc. 40] ("Motion") located at 11520 Monarch Court, Concord, Lake County, Ohio (PPN 08A012J000080) (the "Property") seeking entry of an order pursuant to 11 U.S.C. §§ 102(1)(b)(i), 363(b) and (f), authorizing the sale of the Property free of any interest of any entity other than the estate, and the Objection of Citizens Bank, N.A. fka RBS Citizens, N.A. dba Charter One ("Citizens") to the Motion [Doc. 43] (the "Objection"). A hearing on the Motion and the Objection was held on July 24, 2018 and was

adjourned to August 28, 2018. Pursuant to the Motion and the Objection, and by agreement of Debtor and Citizens, this Court FINDS as follows:

1. The Motion and Notice of the Motion were certified as being duly served according to the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

2. On January 31, 2018 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. Debtor has continued in possession of its property and has continued to operate and manage its business as debtor-in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and the United States Trustee has indicated that no official creditor committee is being formed in this case.

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). The statutory predicate for the relief sought herein is Section 363(b) and (f) of the Bankruptcy Code.

5. In the Motion, Debtor seeks to sell the Property to James and Kari Polena ("Buyers") for $360,000 ("Gross Proceeds") pursuant to a purchase agreement attached to the Motion as Exhibit A. Buyers have no connection to Debtor or Richard Osborne, the debtor in Chapter 11 bankruptcy case no. 17-17361. This is an arm's length transaction and Buyers are purchasing the Property in good faith.

6. The Lake County Auditor's fair market appraisal for the Property is $370,170.00. The proposed Gross Sales Price is therefore fair and reasonable for the Property.

7. As evidenced by the Commitment for Title Insurance attached as Exhibit 2 to the Motion (the "Title Commitment"), Citizens has a valid lien on the Property based on a Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing on the Property, which was recorded with the Lake County Recorder on May 21, 2014 as Instrument No. 2014R012341 (the "Mortgage") and which encumbers the Property and other properties not subject to the Motion. Citizens holds the first and best lien on the Property after taxes and assessments ("Citizens' Lien").

8. On July 13, 2018, Citizens filed a proof of claim (the "Claim") in the amount of $8,076,373.53 plus other amounts as stated in the Claim. In the Statement of Claim, which is attached as part of the Claim, the history of the secured obligations owed to Citizens is outlined in detail. The Claim is designated by the Court as Claim No. 19.

9. The Gross Proceeds will be reduced, as delineated by a final Settlement Statement to be approved by Debtor and Citizens prior to the closing of the sale of the Property (the "Closing"), by Prorations/Adjustments, Other Loan Charges, Title Charges and Escrow, brokers' commissions (in the total amount not to exceed $21,600), Government Recording and Transfer Charges and a Service Fee (collectively the "Closing Costs"), with the remaining balance of proceeds to be paid as follows directly by the Escrow Agent at are to be distributed as follows:

    a. To the Lake County Treasurer, all outstanding real estate taxes through the closing date, consisting of approximately $19,117.00 in current real estate taxes due Lake County Ohio (the "Real Estate Taxes");

    b. To Tax Ease: payoff of certificated tax liens in the estimated amount of $13,000.00 (the "Certificated Taxes"); and

c. To Citizens: a partial payment of $150,000.00 via wire transfer pursuant to wire transfer instructions to be provided to the Escrow Agent prior to the closing of the sale (the "Partial Citizens Payment").

10. After adjustments and payments at Closing of all amounts listed in paragraph 9 above, the remaining amount is estimated to be $150,122.33 (the "Net Proceeds"). The Net Proceeds shall be paid by the Escrow Agent to Debtor, but only for Debtor to hold those funds subject to further court order. For avoidance of any doubt, Debtor may not use or transfer any portion of the Net Proceeds unless and until the Court issues an order instructing how the Net Proceeds are to be distributed, and then, only subject to that order.

11. While Citizens' asserts that it should be entitled to receive both the Partial Citizens Payment and the Net Proceeds at Closing, Debtor has expressed a concern over the amount actually owed to Citizens and therefore the parties have agreed that the Net Proceeds shall remain subject to Citizens' Lien, but held by Debtor subject to further Court order.

12. There are numerous holders of an interest/lien in the Property as set forth in the Title Commitment attached to the Motion, but with the exception of Citizens, no other alleged interest/lienholder has objected to the Motion, and many of the other interest/lienholders are in bona fide dispute. .

13. As the remaining interests are junior in priority to Citizens' Lien, the holder of any interest in the Property may be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

14. Therefore the Property may be sold free of any interest of any other entity, and any such lien or interest, including Citizens' Lien, shall be transferred as a lien on the Net Proceeds.

IT IS THEREFORE ORDERED THAT:

A. The Motion is granted as modified by this Order.

B. Debtor is hereby authorized to sell the Property, free and clear of any interest of any entity other than the estate.

C. The Escrow Agent, upon the closing of the Property sale, is hereby authorized and directed to disburse from the Gross Sale Proceeds an amount sufficient to pay the Closing Costs, the Real Estate Taxes, the Certificated Taxes, and the Partial Citizens Payment (via wire transfer to Citizens pursuant to wire transfer instructions to be provided to the Escrow Agent prior to the Closing), and to pay the Net Proceeds to Debtor to hold subject to further Court order.

D. Citizens' Lien on the Property shall transfer to and encumber the Net Proceeds, and Citizens may at any time file a Motion seeking the Court to issue an order requiring Debtor to pay the full amount of the Net Proceeds to Citizens.

E. Nothing in this Order shall be deemed to determine or impair the validity of Citizens' proof of claim, and Citizens' claim and the Net Proceeds remain subject to the jurisdiction of this Court should its claim later be disallowed .

F. All other interests in the Property are hereby subject to distribution pursuant to later order of this Court, in accordance with the respective rights and priorities of the holders of any interest in the Property, as such right appears and is entitled to be enforced against the Property, the Estate or the Debtor under the Bankruptcy Code or applicable non-bankruptcy law.

IT IS SO ORDERED.

###

**Submitted and Approved By:**
/s/ Glenn E. Forbes
Glenn E. Forbes (0005513)
FORBES LAW LLC
Main Street Building
166 Main Street
Painesville, OH  44077
(440) 357-6211  ext. 128
(440) 357-1634 (Fax)
gforbes@geflaw.net
bankruptcy@geflaw.net
Attorney for Debtor

**and**

/s/ Michael S. Tucker
Michael S. Tucker (0034398)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113-1448
(216) 583-7120
(216) 583-7121 (Fax)
mtucker@ulmer.com
Counsel for Citizens Bank, N.A. fka
RBS Citizens, N.A. dba Charter One

**No Objection:**
/s/ Maria D. Giannirakis
Maria D. Giannirakis (0038220)
U.S. Department of Justice
Office of the U.S. Trustee
Metzenbaum U.S. Courthouse
201 E. Superior Ave., Ste. 441
Cleveland, Ohio 44114-1240
(216) 522-7800, ext. 222
maria.d.giannirakis@usdoj.gov

## CERTIFICATE OF SERVICE

The following is a list of the parties who are on the list to receive e-mail notice/service for this case:

- Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
  gamend@bdblaw.com, grichards@bdblaw.com

- Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC
  abarnes@sandhu-law.com, bk1notice@sandhu-law.com

- Scott D. Fink on behalf of Creditor Eriebank, A Division of CNB Bank
  ecfndoh@weltman.com

- Glenn E. Forbes on behalf of Debtor Wilson Land Properties, LLC
  bankruptcy@geflaw.net, gforbes@geflaw.net;r45233@notify.bestcase.com

- Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
  mmatheney@bdblaw.com, bhajduk@bdblaw.com

- Timothy P. Palmer on behalf of Creditor The Huntington National Bank
  timothy.palmer@bipc.com, donna.curcio@bipc.com

- Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company
  msikora@sikoralaw.com, aarasmith@sikoralaw.com;mtroha@sikoralaw.com

- Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania
  nsinn@bdblaw.com, kslatinsky@bdblaw.com

- Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC
  atomko@sandhu-law.com, bk1notice@sandhu-law.com

- Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
  maria.d.giannirakis@usdoj.gov

CCAG LIMITED PARTNERSHIP
1110 Euclid Avenue, Suite 300
Cleveland, OH 44115

Diane M Osborne Trust
8255 Morley Road #3
Concord, OH 44077

Karen L. Hathy, Trustee
8185 Lakeshore
Mentor, OH 44060

Huntington Natl Bank
ATTN: Bankruptcy
P O Box 89424
Cleveland, OH 44101

Huron Lime
c/o Osborne Inc
7954 Reynolds Road
Mentor, OH 44060

Lake National Bank
7402 Center Street
Mentor, OH 44060

Parkview/FNB
6990 Heisley Road
Mentor, OH 44060