UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: ) | Case No. 18-10514 |
| ) | |
| WILSON LAND PROPERTIES, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | Judge Arthur I. Harris |
| ) | |
| ) | |
| ) | MOTION OF THE HUNTINGTON |
| ) | NATIONAL BANK FOR |
| ) | RELIEF FROM STAY AND |
| ) | ABANDONMENT |
| ) | |
| ) | 7321 Markell, Waite Hill, OH |
| ) | Parcel No. 25A0080000350 |
| ) | |

THE HUNTINGTON NATIONAL BANK (the "Movant" or "Lender") moves this Court, under Bankruptcy Code §§ 361, 362, and 363, and other sections of Title 11 of the United States Code, under Federal Rule of Bankruptcy Procedure 4001, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362. **THIS MOTION DEVIATES FROM THE REQUIRED FORM DUE TO THE UNIQUE POSTURE OF THE MATTER. PURSUANT TO LOCAL RULE 4001-1, PARAGRAPHS DEVIATING FROM THE REQUIRED FORM ARE NOTED IN BOLDFACE TYPE.**

MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On June 26, 2008, Richard M. Osborne ("Osborne") obtained a loan from Lender in

the amount of $705,000.00 **(the "Loan")**. Such Loan was evidenced by a Fixed/Adjustable Rate Note dated June 26, 2008 (the "Note"), a copy of which is attached as **Exhibit A**.

3. **To secure payment of the Note and performance of the other terms contained in it, Osborne executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Lender dated June 26, 2008 (the "Mortgage"). A true and correct copy of the Mortgage is attached hereto as Exhibit B**. The Mortgage granted **Lender a first mortgage lien and security interest in certain real property known as 7321 Markell, Waite Hill, Ohio 44094, Parcel No. 25A0080000350 owned by the Debtor (the "Property").**

4. **The lien created by the Mortgage was duly perfected by the recording of the Mortgage in the office of the Lake County Recorder as Document 2008R018285.** Upon information and belief, Osborne transferred the mortgaged property to Wilson Land Properties, LLC (the "Debtor") prior to the Petition Date.

5. Based on the Debtors' schedules (Docket 29), the lien is the **1**st lien on the Property.

6. **The Lender is in possession of the original Note as of the date of this motion.**

7. **The Lender is the entity servicing the loan**.

8. **The Note has not been transferred by the Lender.**

9. **The Mortgage has not been transferred by the Lender.**

10. According to the Debtor's schedules, the value of the Collateral is $455,930.00. (Docket 1).

11. As of **September 11, 2018, $636,626.90 is due and owing on the Note, plus interest accruing on the unpaid** principal balance of $585,477.03 at the rate of 3.75% per annum

from September 11, 2018, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

12. **Lender is not holding any funds in suspense and therefore the amount due and owing on the Note does not include a credit for any sums held in a suspense account**.

13. **According to Debtor's schedules, other parties known to have or potentially have an interest in the Collateral besides the debtor, the Movant, and the trustee are: (i) Huron Lime, (ii) Chicago Title; and (iii) Osair, Inc. (Docket No. 1, p. 24.)**

14. **Lender is entitled to relief from the automatic stay under Bankruptcy Code §362(d)(1) because the Debtor has failed to provide Lender with adequate protection. The Debtor has ceased making monthly payments on the Loan. The Debtor's last payment was made in May of 2017. Lender has been required to advance for Property taxes post-petition. At this time $56,972.98 has accrued and is unpaid.**

15. **Further, Debtor has no equity cushion in the property. The balance of Lender's debt alone nearly exceeds the Debtors' estimated value of the Property and there are multiple other junior encumbrances on the property, including liens in favor of Huron Lime in the original combined amount of nearly $3 million, and Chicago Title in the original amount of nearly $2 million. (*See* Docket No. 1, p. 24.)**

16. **Lender is further entitled to relief from stay pursuant to Bankruptcy Code §362(d)(2) because the Debtor has no equity in the Collateral and the Collateral is not necessary for an effective reorganization. As set forth above, when considering Lender's debt and the millions of dollars of junior liens encumbering the property, the Debtor has no equity in the collateral.** *See, e.g. In re Indian Palms Associates, Ltd.*, 61 F.3d 197 (3d Cir.

1995) (for purposes of 11 U.S.C. § 362(d)(2), all encumbrances on the property are considered when determining whether a debtor has equity in property). Upon information and belief, the Collateral is not necessary for the Debtor's reorganization.

17. **Movant is further entitled to an order abandoning the Collateral under Section 554(b) of the Bankruptcy Code because the Collateral is burdensome to the estate and is of inconsequential value and benefit to the estate because no proceeds will remain for the benefit of the estate following liquidation.**

18. Movant has completed the worksheet, attached as **Exhibit C**.

WHEREFORE, Movant prays for an order from the Court (i) granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable nonbankruptcy law and (ii) ordering abandonment of the Collateral under Bankruptcy Code § 554.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

Dated: October 4, 2018        */s/ Kelly M. Neal*
Timothy P. Palmer (OH Bar ID No. 0086166)
Kelly M. Neal (PA Bar ID No. 306473)
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
T: (412) 562-8800
F: (412) 562-1041
timothy.palmer@bipc.com
Counsel for The Huntington National Bank

4818-6830-3473, v. 1