UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: ) | Case No. 18-10514 |
| ) | |
| WILSON LAND PROPERTIES, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | Judge Arthur I. Harris |
| ) | |
| ) | |
| ) | **LIMITED OBJECTION OF THE** |
| ) | **HUNTINGTON NATIONAL BANK TO** |
| ) | **DEBTOR'S AMENDED MOTION TO** |
| ) | **SELL REAL ESTATE** |
| ) | |
| ) | |
| ) | 7321 Markell, Waite Hill, OH |
| ) | Parcel No. 25A0080000350 |
| ) | |

THE HUNTINGTON NATIONAL BANK (the "Huntington" or "Lender") hereby files this Opposition to Debtor's Amended Motion to Sell Real Estate ("Sale Motion") (Docket No. 66) and in support thereof states as follows:

**INTRODUCTION**

1. Pursuant to the Sale Motion, Wilson Land Properties, LLC (the "Debtor") is seeking authority to sell certain real estate located at 7321 Markell, Waite Hill, OH (Parcel No. 25A0080000350) (the "Property") free and clear of liens an encumbrances pursuant to 11 U.S.C. § 363(b) and (f). Huntington is a secured creditor with a first-priority lien and security interest on the Property.

2. Huntington and the Debtor have reached an agreement in principle in connection with the sale and anticipate that an agreed order may be presented at or prior to the hearing on the Sale Motion. Absent a finalized resolution, however, Huntington objects to the sale for the

reasons set forth herein.

## BACKGROUND

3. On or about January 31, 2018 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* (the "Bankruptcy Code").

4. Prior to the Petition Date, Huntington extended a loan to Richard M. Osborne ("Osborne") in the original principal amount of $705,000 (the "Loan"). The Loan is evidenced by a Fixed/Adjustable Rate Note dated June 26, 2008 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

5. As security for repayment of the Note, Osborne executed a Mortgage dated June 26, 2008 (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Lender. A true and correct copy of the Mortgage is attached hereto as **Exhibit B**.

6. Prior to the Petition Date, Osborne transferred ownership of the property to the Debtor.

7. Based on the Debtors' schedules (Docket 29), the lien is the first-priority lien on the Property. According to Debtor's schedules, other parties known to have or potentially have an interest in the Collateral besides the debtor, the Movant, and the trustee are: (i) Huron Lime, (ii) Chicago Title; and (iii) Osair, Inc. (Docket No. 1, p. 24.).

8. On or about October 4, 2018, Huntington filed a Motion for Relief from Stay and Abandonment with respect to the Property ("Stay Relief Motion") (Docket No. 56).

9. On or about October 9, 2018, the Debtor filed an initial sale motion relating to the Property (Docket No. 60) as well as an objection to Huntington's Stay Relief Motion on the basis

that the Debtor had procured a potential buyer for the Property (Docket No. 61).

10. The Sale Motion was filed on August 31, 2018.

**<u>OBJECTION</u>**

11. Pursuant to 11 U.S.C. § 363, property may be sold free and clear of all liens, claims and encumbrances of an entity other than the estate *only* if:

> (1) Applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) Such entity consents;
>
> (3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) Such interest is in bona fide dispute; or
>
> (5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

12. In this case, the Debtor has not established that any of the five qualifications of Section 363(f) have been satisfied. Specifically:

> (1) The Debtor has not identified any applicable nonbankruptcy law that would permit the sale of the Property and divestiture of Huntington's first-priority lien;
>
> (2) Huntington does not consent to the sale;
>
> (3) The sale price does not exceed the balance of Huntington's debt, which as of the time of the filing of the Stay Relief Motion, was $636,626.90.
>
> (4) Huntington's interest is not in bona fide dispute; and
>
> (5) Huntington could not be compelled to accept a money satisfaction of such judgment, nor has the Debtor identified any such means.

13. The Sale Motion states, without any additional facts, that "many of the interests encumbering the property" are in dispute. However, upon information and belief there is no bona fide dispute with respect to Huntington's interest, nor has the Debtor alleged any dispute.

14. As set forth in Huntington's Stay Relief Motion, the Debtor has no equity in the Property, the Debtor has not been making payments to Huntington, and the Property is not necessary for an effective reorganization.

15. For these reasons, absent an agreed order approved by Huntington, the Sale Motion should be denied and the Debtor's objection to the Stay Relief Motion should be overruled.

WHEREFORE, Huntington respectfully requests that the Sale Motion be denied and Huntington's Stay Motion be granted, together with such other and further relief as is just and proper.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

Dated: November 27, 2018

*/s/ Kelly M. Neal*
Timothy P. Palmer (OH Bar ID No. 0086166)
Kelly M. Neal (PA Bar ID No. 306473)
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
T: (412) 562-8800
F: (412) 562-1041
timothy.palmer@bipc.com
kelly.neal@bipc.com
Counsel for The Huntington National Bank

4852-0187-8145, v. 1