IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**In re:**                                            )   Case No. 18-10514 (AIH)
                                                      )
**Wilson Land Properties, LLC.**     )   Chapter 11
                                                      )
                                 **Debtor**    )   Judge Arthur I. Harris

**Objection of the United States Trustee to the
Disclosure Statement filed by Wilson Land Properties, LLC.**

Now comes Daniel M. McDermott, United States Trustee for Region 9, by and through his undersigned counsel, and objects to the *Debtor's Disclosure Statement* filed by debtor Wilson Land Properties, LLC. because it does not containing adequate information as required by 11 U.S.C. §1125. In support of his objection, the United States trustee offers the following:

1. Daniel M. McDermott is the United States Trustee for Region 9. Pursuant to 28 U.S.C. §586, the United States Trustee is statutorily obligated to monitor the administration of cases commenced pursuant to the Bankruptcy Code, 11 U.S.C. § 101 et seq. Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to be heard.

2. On January 31, 2018, Wilson Land Properties, LLC. ("Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code. Since the filing, the Debtor has remained in possession of its assets.

3. Title 11 of the United States Code § 1125(b) requires the Bankruptcy Court to find that the disclosure statement contains "adequate information" before a debtor is allowed to solicit its Plan of Reorganization to its creditors. Section 1125(a)(1) defines the term "adequate information" as meaning "information of a kind, and in sufficient detail . . . that would enable a

hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan . . ."

4. On November 7, 2018, Debtor filed the *Debtor's Disclosure Statement* ("Disclosure Statement") along with a *Plan of Reorganization* ("Plan"). The United States Trustee asserts the Disclosure Statement does not contain adequate information pursuant to 11 U.S.C. § 1125 for the reasons stated below:

a. *Current Financial Information:* The Disclosure Statement does not contain current financial information. It makes reference on page one that the financial statements are attached, but nothing is attached. At a minimum, the Disclosure Statement should include a summary of the Debtor's operating reports since the filing of the case.

b. *History of the Company*: The Disclosure Statement contains a very brief statement on the history of the Debtor and states that "Many properites titled in the name of Osborne or related companies were transferred to" the Debtor since its inception. The Disclosure Statement should contain a more information about the history of the Debtor, how the Debtor acquired the properties, and when the properties were acquired or transferred.

c. *Allowance of Claims and Interests:* The Disclosure Statement on page 3 discusses *Allowance of Claims and Interests* and discusses in general terms a bar date for filing claims. The Disclosure Statement, on page 5 under *Means of Execution of the Plan* discusses that once properties are liquidated, any party having a secured or priority claim to the proceeds will file a claim. It is unclear if Debtor will be requesting a bar date or how parties will be on notice to file a claim. The Disclosure Statement should address in more detail the anticipated procedure for allowance of claims.

d. *Post Petition Operations/Liquidation Analysis*: The Disclosure Statement states that the Debtor has concluded it is no longer viable and a controlled liquidation is the best alternative but fails to explain how it reached this conclusion. The Disclosure Statement fails to include a liquidation analysis to allow creditors to determine if a liquidation in a chapter 7 is a better alternative to a liquidating chapter 11 case. A mere statement that the Debtor believes creditors will receive more under a plan than in a chapter 7 liquidation is insufficient.

e. *Current Status of Real Estate*: The Disclosure Statement should include a chart showing Debtor's properties; the current status of each property; the value of the property and how the value was determined; and identify the lien(s) on the property. Some of the properties were sold during the chapter 11 and/or relief from stay was granted. At the time of the filing, Debtor had over 50 properties. The Disclosure Statement is silent as to the number of properties in the estate at this time. The Disclosure Statement should also identify which properties will be listed for sale with a real estate broker and which properties the Debtor intends to liquidate via an auction and the timing of the listings and auction.

f. *Class Two Claims:* Page 2 of the Disclosure Statement states that Class Two claims are not impaired but on page 4 it states that Class Two Claims are Impaired as to time. Clarification should be made regarding whether Class Two claims are impaired.

g. *Exhibits:* The Disclosure Statement and Plan both make reference to Exhibits but no Exhibits are attached to either the Disclosure Statement or the Plan. See Disclosure Statement, page 1; Section VI., page 5; and Plan, Section 16 page 3.

h. *Disbursing Agent and Timing of Disbursements:* The Disclosure Statement should identify the individual or individuals who will be responsible for making disbursements to creditors and the timing of the disbursements.

i. *Insider and Avoidance Actions*: The Disclosure Statement should contain more information regarding insider actions including the amount of rents collected by Rick Osborne and what actions will be taken if Rick Osborne has collected rents belonging to the Debtor.

j. *Plan:* The Plan, on page 4, references a Class Five Convenience Class. If this is a typographical error, it should be removed. Although this is a confirmation issue, the Plan states in Section 5.3 on page 6 that "Confirmation of the Plan shall discharge the Debtor from any and all claims, obligations, liabilities … accruing prior to the Confirmation Date…" Since this is a liquidating case, this discharge provision is inconsistent with Section 1141(d)(4).

**WHEREFORE**, the United States Trustee respectfully requests this Court to order the Debtor to amend the Disclosure Statement to conform to the above stated objections or to deny approval of the Disclosure Statement as not containing adequate information as required by 11 U.S.C. § 1125 and for such further relief as the Court deems appropriate.

Respectfully submitted,

**Daniel M. McDermott**
**United States Trustee, Region 9**

by: */s/ Maria D. Giannirakis*
Maria D. Giannirakis (#0038220)
Trial Attorney
Office of the United States Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Avenue
Suite 441
Cleveland, Ohio 44114
Phone: 216-522-7800 ext. 222
Fax: 216-522-7193
maria.d.giannirakis@usdoj.gov

## Certificate of Service

I certify that on Decmeber 11, 2018, a true and correct copy of **Objection to Disclosure Statement** was served:   Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Gregory P. Amend     gamend@bdblaw.com, grichards@bdblaw.com
- Austin B. Barnes     abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- Robert D. Barr     rbarr@koehler.law, rbarr@koehler.law
- Scott D. Fink     ecfndoh@weltman.com
- Glenn E. Forbes     bankruptcy@geflaw.net, gforbes@geflaw.net;r45233@notify.bestcase.com
- Matthew H. Matheney     mmatheney@bdblaw.com, bhajduk@bdblaw.com
- Kelly Neal     kelly.neal@bipc.com, donna.curcio@bipc.com
- Timothy P. Palmer     timothy.palmer@bipc.com, donna.curcio@bipc.com
- Michael J. Sikora     msikora@sikoralaw.com, aarasmith@sikoralaw.com
- Nathaniel R. Sinn     nsinn@bdblaw.com, grichards@bdblaw.com
- Andrew M. Tomko     atomko@sandhu-law.com, bk1notice@sandhu-law.com
- United States Trustee     (Registered address)@usdoj.gov
- Michael S. Tucker     mtucker@ulmer.com