**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**

In re:                                    )    Case No. 18-10514
                                          )    Chapter 11
WILSON LAND PROPERTIES, LLC               )
                                          )    Judge Arthur I. Harris
                        Debtor            )

**OBJECTION OF CITIZENS BANK, N.A. TO**
**DEBTOR'S DISCLOSURE STATEMENT AND PLAN,**
**AND RESERVATION OF RIGHTS**

Citizens Bank, N.A. fka RBS Citizens, N.A. dba Charter One ("Citizens"), by and through counsel, objects to Debtor's Disclosure Statement [Doc 68] and Plan of Reorganization [Doc. 69]. The Disclosure Statement does not contain "adequate information" as required by 11 U.S.C. § 1125(a). As defined in 11 U.S.C. § 1125(a), "adequate information" is generally information which would enable a hypothetical, reasonable investor to make an informed judgment about the plan of reorganization. In support of this Objection, Citizens states as follows:

A.     **DISCLOSURE STATEMENT**.     There are numerous technical and substantive deficiencies which support multiple objections to the Debtor's Disclosure Statement, including the following:

1.     At the bottom of page 1 of the Disclosure Statement, there is a reference to financial statements having been attached to the Disclosure Statement, however, no documents are attached and no financial information is provided.

2.     Under "Voting" on page 2, Class One refers to Allowed Secured Claims but there is no way to determine which Secured Claims are "allowed".

3.      Under "Voting" on page 2, Class Two and Class Three are not defined, so creditors do not know which creditors belong in Class Two or Class Three.

4.      Under "Voting" on page 2, it states that Class Three Claims "may be impaired." Creditors that are not impaired do not get to vote. Creditors that are impaired do get to vote (unless their vote is automatically deemed a vote against the Plan). There is no middle ground here and creditors must know which classes of creditors are entitled to vote on the Plan.

5.      Although the Notice of Debtor's Disclosure Statement and Plan [Doc. 70] implies that a hearing on the Plan will be held on December 18, 2018, no mechanism for voting on the Plan has been implemented.

6.      The "History of the Company" post-petition has no substance: "*Debtor has concluded, post-petition, that it is no longer viable. Therefore, it has concluded that a controlled liquidation is the best alternative.*" Debtor should explain how it reached these conclusions and describe in detail what a "controlled liquidation" means. Debtor should also identify which properties it has sold during the bankruptcy case, the details of the sale, and why more properties were not sold.

7.      Under Classification and Treatment on page 4, it says there are six classes, but only five are listed.

8.      Under Classification and Treatment on page 4, the Plan states "*Class One Claims will be impaired, especially lien claims. Debtor's review of its assets and liabilities compels this conclusion.*" Class One Claims are supposedly allowed secured claims; if there are creditors with other than lien claims, they should be identified and described in detail.

9.      Class Two claims are anticipated in the amount of $50,000. No information is provided as to how the Debtor will pay those amounts. Financial information substantiating the ability to pay these amounts must be demonstrated.

10.     Under "Means of Execution of the Plan", the Debtor fails to (i) identify the properties it has to sell or their anticipated values; (ii) identify which properties are to be sold privately, and which properties are to be sold at auction; and (iii) provide credentials for the proposed real estate agent and the proposed auctioneer and how they are to be compensated.  No time limits are identified for the sale of the properties nor is there a well-defined procedure to allow creditors to be paid from the sale proceeds.

11.     While the Debtor references an Exhibit A as the August 2018 financial statements, no Exhibit A is attached and no explanation is given to explain why Debtor is not providing more current financial statements.

12.     "Minimum Value" on page 6 provides no liquidation analysis other than a conclusory statement as to what the Debtor "believes".  A detailed liquidation analysis must be provided.

13.     No mention is made of the $150,000 proceeds held by the Debtor from the sale of the property located at 11520 Monarch Court.  These proceeds are subject to Citizens' lien and should be distributed to Citizens and NOT used to fund the payment of administrative costs or other amounts under the Plan.

14.     Citizens reserves its right to make further objections to the Disclosure Statement.

**B.**     **PLAN OF REORGANIZATION**:  It is anticipated that the hearing on the Plan will only take place after there is approval of a Disclosure Statement, so Citizens reserves its right to object to the Plan at a later date.  Objections to the Plan include but are not limited to:

15.     The proposed Plan is a Plan of liquidation and therefore Debtor is not entitled to a discharge.

16. Debtor has failed to satisfy (or even address) the absolute priority rule contained in 11 U. S. C. §1129(b)(2). The Debtor is retaining its ownership interest, but it is not investing any new value and unsecured creditors are not receiving any distribution.

17. The definition of Pre-Petition Secured Claim refers to an Exhibit C attached to the Amended Disclosure Statement, but no Exhibit C is attached nor have there been any amendments to the Disclosure Statement.

18. The Classification of Claims does not coincide with the Classes identified in the Disclosure Statement or in Article III of the Plan.

19. The Plan references six classes, but only five are identified.

20. No mention is made of the $150,000 proceeds held by the debtor from the sale of the property located at 11520 Monarch Court. These proceeds are subject to Citizens' lien and should be distributed to Citizens and NOT used to fund the payment of administrative costs or other amounts under the Plan. The proceeds should be promptly turned over to Citizens.

21. The Debtor should not be in control of the liquidation process. The bankruptcy case has been pending for almost a year and the Debtor has sold only a few properties. The Plan provides no timeline for the sale of the properties nor does it identify the secured creditors' rights during that period of time prior to the sale of those properties. The 100% owner and principal of the Debtor is Richard Osborne who is presently in his own Chapter 11 case. He should not be controlling the sale process or be the disbursing agent of the funds; instead, a neutral third party should be appointed to oversee the liquidation of the properties and the distribution of the funds.

22. Citizens reserves its right to make further objections to the Plan of Reorganization if and when a Disclosure Statement is approved by the Court.

23.     Citizens joins in with the objections to the Disclosure Statement and Plan filed by other creditors and the United States Trustee to the extent not inconsistent with the issued raised in this Objection.

WHEREFORE, Citizens respectfully requests that the Court order the Debtor to amend its Disclosure Statement as indicated in this Objection, or alternatively, to deny the requested approval of the Disclosure Statement, and that the Court provide such other and further relief as equity or the law may allow

Respectfully submitted,

/s/ Michael S. Tucker
Michael S. Tucker (0034398)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH  44113-1448
(216) 583-7120
 (216) 583-7121 (Fax)
mtucker@ulmer.com
Counsel for Citizens Bank, N.A. fka RBS Citizens, N.A.
dba Charter One

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 11, 2018, a copy of the foregoing Objection to Disclousre Statement and Plan was filed electronically. Notice of this filing will be sent to all parties registered to receive electronic notices through the Court's CM/ECF system as listed below. Parties may access this filing through the Court's PACER system.

Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
gamend@bdblaw.com, grichards@bdblaw.com

Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC
abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr on behalf of Creditor Chicago Title Insurance Company
rbarr@koehler.law, rbarr@koehler.law

Scott D. Fink on behalf of Creditor Eriebank, A Division of CNB Bank
ecfndoh@weltman.com

Glenn E. Forbes on behalf of Debtor Wilson Land Properties, LLC
bankruptcy@geflaw.net, gforbes@geflaw.net;r45233@notify.bestcase.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
mmatheney@bdblaw.com, bhajduk@bdblaw.com

Kelly Neal on behalf of Creditor The Huntington National Bank
kelly.neal@bipc.com, donna.curcio@bipc.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank
timothy.palmer@bipc.com, donna.curcio@bipc.com

Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company
msikora@sikoralaw.com, aarasmith@sikoralaw.com;mtroha@sikoralaw.com

Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania
nsinn@bdblaw.com, kslatinsky@bdblaw.com

Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC
atomko@sandhu-law.com, bk1notice@sandhu-law.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

/s/ Michael S. Tucker
Michael S. Tucker (0034398)
ULMER & BERNE LLP
Counsel for Citizens Bank, N.A.
