```
                         United States Bankruptcy Court
                          Northern District of Ohio
In re:                                                       Case No. 18-10514-aih
Wilson Land Properties, LLC                                  Chapter 11
        Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0647-1           User: nbrow              Page 1 of 1         Date Rcvd: Dec 12, 2018
                               Form ID: pdf738          Total Noticed: 5
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 14, 2018.
```
db             +Wilson Land Properties, LLC,    PO Box 1020,    Mentor, OH 44061-1020
cr             +Chicago Title Insurance Company,    2533 North 117th Avenue,    Omaha, NE 68164-3679
cr              Citizens Bank, N.A.,   c/o Michael S. Tucker, Esq.,    1660 West 2nd Street, Suite 1100,
                 Cleveland, OH 44113-1448
cr             +First National Bank of Pennsylvania,    c/o Buckingham Doolittle & Burroughs LLC,
                 1375 East 9th Street Suite 1700,    Cleveland, OH 44114-1790
cr             +The Huntington National Bank,    c/o Timothy P. Palmer, Esq.,    Buchanan Ingersoll & Rooney PC,
                 One Oxford Centre 20th floor,    Pittsburgh, PA 15219-1400
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Eriebank, A Division of CNB Bank
cr              Tax Ease Ohio, LLC
                                                                                   TOTALS: 2, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 14, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 12, 2018 at the address(es) listed below:
```
              Andrew M. Tomko    on behalf of Creditor    Tax Ease Ohio, LLC atomko@sandhu-law.com,
               bk1notice@sandhu-law.com
              Austin B. Barnes, III    on behalf of Creditor    Tax Ease Ohio, LLC abarnes@sandhu-law.com,
               bk1notice@sandhu-law.com
              Glenn E. Forbes    on behalf of Debtor    Wilson Land Properties, LLC bankruptcy@geflaw.net,
               gforbes@geflaw.net;r45233@notify.bestcase.com
              Gregory P. Amend    on behalf of Creditor    First National Bank of Pennsylvania gamend@bdblaw.com,
               grichards@bdblaw.com
              Kelly Neal    on behalf of Creditor    The Huntington National Bank kelly.neal@bipc.com,
               donna.curcio@bipc.com
              Maria D. Giannirakis ust06    on behalf of U.S. Trustee    United States Trustee
               maria.d.giannirakis@usdoj.gov
              Matthew H. Matheney    on behalf of Creditor    First National Bank of Pennsylvania
               mmatheney@bdblaw.com, bhajduk@bdblaw.com
              Michael J. Sikora, III    on behalf of Creditor    Chicago Title Insurance Company
               msikora@sikoralaw.com, aarasmith@sikoralaw.com
              Michael S. Tucker    on behalf of Creditor    Citizens Bank, N.A. mtucker@ulmer.com
              Nathaniel R. Sinn    on behalf of Creditor    First National Bank of Pennsylvania nsinn@bdblaw.com,
               grichards@bdblaw.com
              Robert D. Barr    on behalf of Creditor    Chicago Title Insurance Company rbarr@koehler.law,
               rbarr@koehler.law
              Scott D. Fink    on behalf of Creditor    Eriebank, A Division of CNB Bank ecfndoh@weltman.com
              Timothy P. Palmer    on behalf of Creditor    The Huntington National Bank timothy.palmer@bipc.com,
               donna.curcio@bipc.com
                                                                                             TOTAL: 13
```

The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on December 12, 2018, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: December 12, 2018**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 18-10514 |
| | ) | |
| WILSON LAND PROPERTIES, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |
| | ) | |
| | ) | **AGREED ORDER GRANTING** |
| | ) | **AMENDED MOTION TO SELL** |
| | ) | **REAL ESTATE** |
| | ) | |
| | ) | 7321 Markell, Waite Hill, OH |
| | ) | Parcel No. 25A0080000350 |
| | ) | |

This matter came before the Court on the Amended Motion of Wilson Land Properties, LLC, Debtor in Possession ("Debtor") to Sell Real Estate [Doc. 66] ("Motion") located at 7321 Markell, Waite Hill, Ohio (Parcel No. 25A0080000350) (the "Property") seeking entry of an order pursuant to 11 U.S.C. 102(1)(b)(i), 363(b) and (f), authorizing the sale of the Property free of any interest of any entity other than the estate, and the Limited Objection of The Huntington National Bank ("Huntington") to Debtor's Amended Motion to Sell Real Estate (the "Limited

1

Objection") [Doc 72]. Pursuant to the Motion and by agreement of the Debtor and Huntington, this Court FINDS as follows:

1. The Motion and Notice of the Motion were certified as being duly served according to the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

2. On January 31, 2018 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. Debtor has continued in possession of its property and has continued to operate and manage its business as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and the United States Trustee has indicated that no official creditor committee is being formed in this case.

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). The statutory predicate for the relief sought herein is Section 363(b) and (f) of the Bankruptcy Code.

5. In the Motion, Debtor seeks to sell the Property to Cynthia W. Halle ("Buyer") for $585,000.00 ("Gross Proceeds") pursuant to a purchase agreement attached to the Motion as Exhibit A. Buyer has no connection to Debtor or Richard Osborne, the debtor in Chapter 11 Bankruptcy Case No. 17-17361. This is an arm's length transaction and Buyer is purchasing the Property in good faith.

6. The Lake County Auditor's fair market appraisal for the Property is $455,930.00. The proposed Gross Sales Price is therefore fair and reasonable for the Property.

7. As evidenced by the Commitment attached to the Motion as Exhibit 2 (the "Title Commitment"), Huntington has a valid lien on the Property based on a Mortgage executed by Richard M. Osborne, Trustee of the Rigrtona Trust U/T/A December 3, 2001 in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as agent for Huntington, which was recorded with the Lake County Recorder on June 26, 2008 as Instrument Number 2008R018285 (the "Mortgage") and which encumbers the Property.

8. As evidenced by the Commitment, prior to the Petition Date, Richard M. Osborne Richard M. Osborne, Trustee of the Rigrtona Trust U/T/A December 3, 2001 conveyed title to the Property to the Debtor pursuant to an instrument recorded with the Lake County Recorder on March 14, 2016 as Instrument Number 2016R006105.

9. Prior to the Petition Date, the Mortgage was assigned by Mortgage Electronic Registration Systems Inc. (MERS) to Huntington by Assignment of Mortgage recorded with the Lake County Recorder on August 18, 2017 as Instrument Number 2017R022081 ("Assignment").

10. As a result of the Mortgage and Assignment, Huntington holds a first and best lien on the Property after taxes and assessments ("Huntington's Lien").

11. On July 16, 2018, Huntington filed a proof of claim (the "Claim") in the amount of $614,932.02 plus other amounts as stated in the claim. In the Claim and attachments thereto, the history of the secured obligation owed to Huntington, secured by the Mortgage, is described in detail. The Claim is designated by the Court as Claim No. 20.

12. Huntington and the Debtor have agreed to the sale of the Property to Buyer as set forth in the Motion provided that Huntington shall receive all net proceeds after Closing Costs (defined below) and Real Estate Taxes (defined below). Notwithstanding the foregoing,

3

Huntington and the Debtor have further agreed that the Debtor's estate shall receive a carve-out from the sale proceeds in the amount of $10,000 (the "Carve-Out").

13. The Gross Proceeds will be reduced, as delineated by a final settlement statement to be approved by Debtor and Huntington prior to the closing of the sale of the Property (the "Closing"), by (i) any governmental conveyance fee or transfer tax; (ii) cost of title examination for the Property; (iii) deed preparation costs; (iii) real estate brokerage commissions due under the purchase agreement: (iv) one-half of any title company escrow fee (the other half to be paid by Buyer); and (v) one of half of an owner's fee title policy in the amount of the purchase price (the other half to be paid by the Buyer) in the aggregate estimated amount of $40,471.13 (collectively the "Closing Costs"), with the remaining balance of proceeds to be distributed as follows directly by the title company handling the closing:

    a. To the Lake County Treasurer, all outstanding real estate taxes through the closing date, consisting of approximately $11,389.78 in current real estate taxes due Lake County Ohio (the "Real Estate Taxes");

    b. To Debtor's estate, the Carve-Out; and

    c. To Huntington, a payment of all net proceeds of the sale in the amount of approximately $523,139.09 (the "Huntington Payment").

14. There are numerous holders of an interest/lien in the Property as set forth in the Title Commitment attached to the Motion, but with the exception of Huntington, no other alleged interest/lienholder has objected to the Motion, and many of the other interests/lienholders are in bona fide dispute.

15. As the remaining interest are junior in priority to Huntington's Lien, the holder of any interest in the Property may be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

16. Therefore the Property may be sold free of any interest of any other entity.

IT IS THEREFORE ORDERED THAT:

    A.     The Limited Objection is withdrawn and the Motion is granted, as modified by this Order.

    B.     The Findings set forth above are incorporated herein.

    C.     The Debtor is hereby authorized to sell the Property, free and clear of any interest of any entity other than the estate.

    D.     The title company or escrow agent handling closing, upon the closing of the Property sale, is hereby authorized and directed to disburse from the Gross Sale Proceeds an amount sufficient to pay the Closing Costs, the Real Estate Taxes, the Carve Out, and the Huntington Payment (via wire transfer to Huntington pursuant to wire instructions to be provided to the Escrow Agent prior to closing).

    E.     All other interests in the Property are hereby subject to distribution pursuant to later order of this Court, in accordance with the respective rights and priorities of the holders of any interest in the property, as such right appears and is entitled to be enforced against the Property, the Estate, or the Debtor under the Bankruptcy Code or applicable non-bankruptcy law.

17. The fourteen (14) day stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived.

IT IS SO ORDERED.

# # #

Submitted and Approved by:

*/s/ Glenn E. Forbes*
Glenn E. Forbes (0005513)
FORBES LAW LLC
Main Street Building
166 Main Street
Painesville, OH 44077
(440) 357-6211 ext. 128
(440) 357-1634 (Fax)
gforbes@geflaw.net
bankruptcy@geflaw.net
Attorney for Debtor


*/s/ Kelly M. Neal*
Timothy P. Palmer
Kelly M. Neal
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, FL 20
Pittsburgh, Pennsylvania 15219
Phone: (412)562-8800
Email: timothy.palmer@bipc.com
kelly.neal@bipc.com
Counsel for The Huntington National Bank

4850-4295-2315, v. 2